1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LI JIANG,

           Plaintiff,

    v.

NEW MILLENNIUM CONCEPTS INC.,

           Defendant.

Case No. 15-cv-04722-JST

**ORDER ENTERING DEFAULT
JUDGMENT AGAINST DEFENDANT**

Re: ECF No. 14

Before the Court is Plaintiff's Motion for Default Judgment, ECF No. 14, which Defendant New Millennium Concepts Inc. ("New Millennium") has not opposed. The Court will grant the motion.

## I.    BACKGROUND

### A.    Factual Background

In considering a motion for default judgment, the Court takes the factual allegations in the complaint as true, except for those allegations made as to the amount of damages. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Accordingly, the Court accepts the following allegations as true for the purposes of deciding this motion.

On September 9, 2015, Defendant New Millennium left a message on Plaintiff's wife's voice mail claiming that Plaintiff owed an unpaid debt on an AT&T Wireless account. ECF No. 1 ¶ 7. Plaintiff did not receive a verification of rights notice. Id. ¶ 8. Plaintiff maintains that he does not have, nor did he ever have, any outstanding debt with AT&T Wireless. Id. ¶ 9. On a subsequent phone call, New Millennium refused to verify the debt owed by Plaintiff, despite Plaintiff's request that New Millennium do so. Id. ¶ 12–13. Plaintiff contacted AT&T Wireless and confirmed that he had no outstanding debts and no past due or delinquent accounts with

1    AT&T Wireless.  Id. ¶ 14.

2          On September 25, 2015, Defendant called Plaintiff demanding payment of the alleged

3    debt.  Id. ¶ 15.  Plaintiff subsequently mailed and emailed a letter to Defendant demanding

4    verification of the debt and disputing the reporting of the debt under the Fair Credit Reporting Act.

5    Id. ¶ 16.  In response, Defendant emailed Plaintiff, misrepresenting that it had already responded

6    to Plaintiff's request for verification and indicating that it would proceed with debt collection

7    activities.  Id. ¶ 17.  Despite Plaintiff's request that Defendant communicate with Plaintiff only via

8    mail, Defendant sent another email to Plaintiff on September 29, 2015, continuing collection

9    efforts without providing verification of the debt.  Id.  ¶ 21.  Defendant also made the false

10   representation to Plaintiff that AT&T Wireless was required by federal law to remove consumer

11   information from their system upon selling a customer's debt to a third party.  Id.  Defendant

12   reported the alleged debt to the TransUnion credit bureau, but has not informed TransUnion that

13   the alleged debt is disputed.  Id. ¶ 22.

14         **B.    Procedural History**

15         Plaintiff commenced this action on October 13, 2015, asserting violations of the Fair Debt

16   Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and of California's Rosenthal Fair

17   Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788, *et seq*.  Id. ¶ 1–10.  After

18   nine attempts to effect service with a registered agent of Defendant, ECF No. 6 at 2, Defendant

19   was served with a Summons and Complaint via service on the California Secretary of State.  ECF

20   No. 9.  Defendant failed to answer the Complaint in a timely manner and has not otherwise

21   appeared.  This Court entered default against Defendant on January 15, 2016.  ECF No. 13.

22   Plaintiff filed a motion for default judgment and a memorandum in support of the motion on

23   February 25, 2016, seeking to recover $10,787.90 in statutory and actual damages, attorney's fees,

24   and costs.  ECF Nos. 14, 15.

25         **C.    Jurisdiction**

26         This Court has federal question jurisdiction over Plaintiff's first cause of action pursuant to

27   28 U.S.C. § 1331 because Plaintiff's first count arises under a federal statute.  This Court also has

28

United States District Court
Northern District of California

supplemental jurisdiction over Plaintiff's second cause of action for violations of California's

Rosenthal Fair Debt Collection Practices Act pursuant to 28 U.S.C. § 1367(a), which provides that

"in any civil action of which the district courts have original jurisdiction, the district courts shall

have supplemental jurisdiction over all other claims that are so related to claims in the action

within such original jurisdiction that they form part of the same case or controversy."

### D.    Legal Standard

Federal Rule of Civil Procedure 55(b)(2) grants district courts the authority to enter a

default judgment when "a party against whom a judgment for affirmative relief is sought has

failed to plead or otherwise defend . . . ."  Whether to enter a default judgment is a discretionary

decision to be made by the district court.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

"Factors which may be considered by courts in exercising discretion as to the entry of a default

judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's

substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action,

(5) the possibility of a dispute concerning material facts, (6) whether the default was due to

excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure

favoring decisions on the merits."  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

## II.    DISCUSSION

### A.    Default Judgment

Taking the factual allegations of the complaint as true, Geddes, 559 F.2d at 560, the Court

considers each of the Eitel factors in turn.

As to the first Eitel factor, the Plaintiff would suffer significant prejudice were default

judgment denied by this Court because Plaintiff would be without a legal remedy for its cause of

action.  Thus, the first factor weighs in favor of entering default judgment against Defendant.

The second and third Eitel factors are often considered together, and courts analyze these

factors by considering whether Plaintiff asserts "claims upon which it may recover."  Richmond

Bay v. Marina, LLC v. The Vessel "Relax", No. 13-cv-02978 MEJ, 2013 WL 6699976, at *5

(N.D. Cal. Dec. 19, 2013); see also Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).  The

United States District Court
Northern District of California

3

FDCPA allows a plaintiff to collect damages from "any debt collector who fails to comply with any provision of this subchapter."  15 U.S.C. § 1692k(a).  Here, Plaintiff has successfully alleged a failure on behalf of Defendant to comply with 15 U.S.C. § 1692g(b), which provides:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt . . . is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector.

Plaintiff alleges that Defendant's first contact regarding the debt was on September 9, 2015 via a message left on his wife's voicemail.  ECF No. 1 ¶ 7.  Within thirty days of this initial contact, Plaintiff mailed and emailed a letter to Defendant demanding verification of the debt and disputing the reporting of the debt.  Id. ¶ 16.  Despite such written notice, Defendant failed to provide verification of Plaintiff's debt and continued Defendant's debt collection activities.  Id. ¶ 17–21.  Because Plaintiff has alleged undisputed facts that meet the statutory definition of a violation under 15 U.S.C. § 1692g(b), this Court finds that the second and third Eitel factors support the entering of default judgment with regard to Plaintiff's FDCPA claim.

For the same reasons, Plaintiff has alleged a violation of Cal. Civ. Code § 1788.17, which provides:

> Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692k, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.

Thus, Eitel factors two and three also support the entering of default judgment against Defendant with regard to Plaintiff's RFDCPA claim.

The fourth Eitel factor also weighs in favor of default judgment.  The total amount of money at stake is $10,787.90, ECF No. 15 at 16, a sum that is not substantial enough to weigh against default judgment.  See Eitel, 782 F.2d at 1472 (finding $3 million in damages too substantial to allow default judgment).  Further, when the total amount of money is tailored to the defendant's misconduct, the fourth factor does not weigh against the entry of default judgment.

4

<u>Bd. of Trs. of Laborers of Health & Welfare Trust Fund for N. Cal. v. Torres</u>, No. 12-cv-02663-DMR, 2014 WL 569246, at *2 (N.D. Cal. Nov. 4, 2014). Here, the alleged damages are sufficiently tailored to Defendant's misconduct. Plaintiff seeks the maximum $2,000 in statutory damages for violation of the FDCPA and RFDCPA and $3,787.90 in attorney's fees and costs related to bringing this action against Defendant. ECF No. 15 at 16. In addition, Plaintiff seeks $5,000 in actual damages related to embarrassment, humiliation, stress, and anxiety resulting from the continued debt collection activities pursued by Defendant. <u>Id</u>. at 10. The costs sought are neither excessive nor are they unrelated to conduct pursued by Defendant or the actual harms alleged by Plaintiff. ECF No. 15 at 6–16. Accordingly, the Court finds that the costs are sufficiently minimal and tailored to favor default judgment against Defendant. <u>See</u> <u>Eitel</u>, 782 F.2d at 1471-72.

The fifth and sixth <u>Eitel</u> factors also weigh in favor of default judgment. There is no possibility of a dispute of any material fact because Defendant has not appeared in this action to challenge any allegations made by Plaintiff. Furthermore, Defendant does not appear to have any excusable reason for neglecting to appear. Plaintiff made nine attempts to effect service with a registered agent of Defendant, ECF No. 6 at 2, and Defendant was served with a Summons and Complaint via service on the California Secretary of State. ECF No. 9. Absent a showing of good cause on behalf of Defendant, both <u>Eitel</u> factors five and six support the entering of default judgment against Defendant.

The final <u>Eitel</u> factor, the policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, necessarily weighs against default judgment. <u>Eitel</u>, 782 F.2d at 1471–72. However, because FRCP Rule 55(b)(2) permits entry of default judgment in situations where a defendant refuses to litigate, this policy is outweighed by the other factors present in this case. In considering all of the <u>Eitel</u> factors together, the overbearing weight of evidence supports the entering of default judgment against Defendant in this matter.

**B.      Damages**

Plaintiff requests statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ.

5

1   Code § 1788.30(b).  ECF No. 15 at 9.  In addition, Plaintiff seeks actual damages pursuant to 15

2   U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a).  Id. at 10–12.  Lastly, Plaintiff seeks

3   attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

4   The Court considers each request in turn.

5                    **1.      Statutory Damages**

6          The FDCPA allows for statutory damages "not exceeding $1,000."  15 U.S.C. §

7   1692k(a)(2)(A).  The RFDCPA allows for statutory damages that "shall not be less than one

8   hundred dollars ($100) nor greater than one thousand dollars ($1,000)."  Cal. Civ. Code §

9   1788.30(b).  The Ninth Circuit has made it clear that recovery of statutory damages under both the

10  FDCPA and the RFDCPA in the same action is proper.  Gonzales v. Arrow Financial Services,

11  LLC, 660 F.3d 1055, 1066–67 (9th Cir. 2011).

12         In determining the amount of statutory damages to award under the FDCPA, courts are to

13  consider "the frequency and persistence of noncompliance by the debt collector, the nature of such

14  noncompliance, and the extent to which such noncompliance was intentional."  15 U.S.C. §

15  1692k(b)(1).  In Mejia v. Marauder Corp., No. 06-00520 HRL, 2007 WL 806484 at *11 (N.D.

16  Cal. 2007), the court found that full statutory damages were inappropriate where the violations

17  were not frequent and persistent and there was only a single collection letter at issue.  Here, unlike

18  in Mejia, the Defendant persisted in its collection efforts despite repeated requests for verification

19  and notifications that the debt was disputed by Plaintiff.  ECF ¶ 12–22.  Further, Plaintiff alleges,

20  and Defendant does not contest, that such conduct was willful.  ECF No. 15 at 9.  Given the

21  circumstances and the extent of Defendant's disregard for the requirements of FDCPA, this Court

22  finds that full statutory damages under 15 U.S.C. § 1692k(a)(2)(A) is appropriate.

23         Recovery of statutory damages under the RFDCPA requires the debt collector to "willfully

24  and knowingly" violate the terms of the Act.  Cal. Civ. Code § 1788.30(b).  Plaintiff has alleged,

25  and Defendant has not contested, that Defendant's conduct was willful and knowing.  ECF No. 15

26  at 9.  Further, due to the repeated and persistent failures of Defendant to comply with Cal. Civ.

27  Code § 1788.17, this Court, in its discretion, finds that full statutory damages under Cal. Civ.

28

United States District Court
Northern District of California

1    Code § 1788.30(b) are appropriate.

2               **2.    Actual Damages**

3               Both the FDCPA and the RFDCPA allow for recovery of actual damages sustained by a

4    debtor resulting from violations of the Acts.  15 U.S.C. § 1692k(a)(1); Cal. Civ. Code

5    § 1788.30(a).  The Ninth Circuit has not yet determined whether a plaintiff must prove the

6    elements of intentional infliction of emotional distress ("IIED") to sustain a claim for emotional

7    distress damages under the FDCPA or the RFDCPA.  <u>Costa v. National Action Financial Services</u>,

8    634 F. Supp. 2d 1069, 1078 (E.D. Cal. 2007).  This Court, however, is persuaded "that a plaintiff

9    need only offer evidence that she suffered emotional distress as a result of the defendant's FDCPA

10   violations in order to recover emotional distress damages under these circumstances."  <u>Torres v.</u>

11   <u>Bernstein, Shapiro & Associates, L.L.C.</u>, No. 10-CV-2507-KJM-DAD, 2012 WL 2376401, at *4

12   (E.D. Cal. June 22, 2012).  "Such an approach appears to be particularly appropriate in the context

13   of an unopposed motion for default judgment."  <u>Id.</u>

14              Plaintiff alleges $5,000 in actual damages stemming from "harassment and abuse from

15   Defendant resulting in embarrassment, humiliation, stress and anxiety."  ECF No. 15 at 10.  In

16   addition, Plaintiff claims that Defendant "reported the fake debt against his credit report, causing

17   damage to his credit score."  <u>Id.</u>   In Plaintiff's declaration, he reports that Defendant "embarrassed

18   and humiliated me by contacting my wife claiming I owe a debt which does not exist and by

19   reporting it on my credit report which has caused my credit rating to drop significantly.  Due to

20   [Defendant's] actions, I suffered mental anguish in the form of embarrassment, humiliation, stress

21   and anxiety."  ECF No. 15-1 at 5.  Plaintiff's actual damage claim is reasonable under the

22   circumstances and is unopposed by Defendant.  <u>See Torres</u>, 2012 WL 2376401 at *5 (C.D. Cal.

23   2012) (finding that $5,000 in emotional distress damages was reasonable in FDCPA case and

24   awarding unopposed actual damages to plaintiff).  Accordingly, the Court grants Plaintiff's

25   request for $5,000 in actual damages.

26              **3.    Attorneys' Fees and Costs**

27              15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c) both allow recovery of costs and

28

reasonable attorneys' fees for the prevailing party.  Plaintiff's counsel calculated his fees using an hourly rate of $500 per hour.  ECF No. 15 at 15.  Multiplying that rate times the 6.5 hours of work that Plaintiff's counsel has expended in prosecuting this action, Plaintiff's counsel requests $3,250.00 in fees.  ECF No. 15 at 15–16.  Plaintiff's counsel asserts that his hourly rate of $500 is "consistent with the prevailing rates in this District."  ECF No. 15-2 at 6.  In addition, Plaintiff's counsel also expended $537.90 in costs, including filing fees and service of process fees.  ECF No. 15 at 16, ECF No. 15-2 at 6.

The Court finds these requests are reasonable.  Accordingly, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c), Plaintiff is entitled to recover $3,787.90 in attorney fees and costs.

## III.    CONCLUSION

For the foregoing reasons, the Court hereby enters default judgment against Defendant New Millennium Concept, Inc. and in favor of Plaintiff Li Jiang in the amount of $10,462.90.

IT IS SO ORDERED.

Dated:  July 11, 2016

_____
JON S. TIGAR
United States District Judge